**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ELECEO GUADALUPE LUNA,** ) | |
| **ID # 1571183,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:14-CV-0259-L (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

Eleceo Guadalupe Luna (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On April 15, 2009, Petitioner was convicted of manslaughter in Cause No. F09-00305 in the 282nd Judicial District Court in Dallas County, Texas, and sentenced to twenty-one years imprisonment. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his conviction and sentence, and the Fifth District Court of Appeals affirmed the conviction and sentence in an unpublished opinion on November 17, 2010. *Luna v. State*, No. 05-09-00618-CR (Tex. App. – Dallas, Nov. 17, 2010, no pet.). Petitioner sought and received an extension on December 20, 2010, to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. He did not file a PDR and instead sought another extension, but the Court of Criminal Appeals denied his request on January 31, 2011. *See* PD-1763-10.

On March 20, 2012, Petitioner filed a state writ challenging his conviction that was denied on its merits without a written order on October 9, 2013. (Pet. at 4); *see also Ex parte Luna*, No. WR-77,588-01 (Tex. Crim. App. Oct. 9, 2013).[1] He mailed his federal petition to the Eastern District of Texas, Tyler Division, on November 27, 2013. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

**A.  <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

---

[1] The state habeas record reflects that Petitioner signed his state writ on March 20, 2012, and that the trial court received Petitioner's state habeas application on April 3, 2012. (*See* www.dallascounty.org, Cause No. W09-00305A). The Fifth Circuit has recently held that due to a change in Texas state law regarding when state post-conviction pleadings are considered filed, *pro se* inmate filings are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court. *Richards v. Thaler*, 710 F.3d 573, 577 (5th Cir. 2013). Because the record does not contain any direct evidence as to when Petitioner placed his state writ in the mail, the date he signed the writ is considered as the date of filing for purposes of this recommendation.

Petitioner did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) when his extension to file a PDR expired. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 654-55 (2012) (holding that when a federal habeas petitioner does not appeal to his state's highest court, his conviction became final when his time for seeking review with the state's highest court expires, and not when the mandate issues); *see also Morris v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. Dec. 12, 2011) (noting that, when an extension to file a PDR has been granted, but no PDR filed, the date it was due is the date on which the petitioner could no longer seek further direct review). While the exact date that the extension for filing a PDR expired is not clear from the record, it was no later than the date a second extension was denied by the Court of Criminal Appeals, January 31, 2011. Petitioner's state conviction therefore became final on that date.

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

With regard to subparagraph (D), Petitioner claims that his trial counsel was ineffective in several respects and that as a result, his guilty plea was involuntary. (Pet. at 6-7). Accordingly, the facts supporting his claims became known or could have become known prior to the date his state judgment of conviction became final. Because he filed his federal habeas petition more than one year after his conviction became final on January 31, 2011, a literal application of § 2244(d)(1) renders his November 27, 2013, filing[2] untimely.

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired on January 31, 2012, and Petitioner did not file his state habeas petition until March 20, 2012. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas

petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presented no argument or evidence that he was prevented from filing either his state writ or his federal petition earlier. He has therefore not demonstrated the due diligence required for equitable tolling of the statute of limitations, and his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 25th day of February, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE